Whethers v. Nassau Health Care Corporation

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of September, two thousand fourteen.

PRESENT:
> DENNIS JACOBS,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges,*
> LEWIS A. KAPLAN,[*]
> > *District Judge.*

_____

Doreen Whethers,

> *Plaintiff-Appellant,*

Stephanie Hayle, *et al.*,

> *Plaintiffs,*

v.                                                                13-2991

Nassau Health Care Corporation, *et al.*,

> *Defendants-Appellees.*

_____

_____

[*]Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

**FOR PLAINTIFF-APPELLANT:**            Doreen Whethers, *pro se*, Freeport, NY.

**FOR DEFENDANTS-APPELLEES:**           Brian J. Clark, Nicholas Marco Reiter,
                                        Venable LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Hurley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Doreen Whethers brought an action against her former employer Nassau Health Care Corporation ("NHCC"), and several NHCC employees, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; 42 U.S.C. §§ 1981, 1983; the First and Fourteenth Amendments; and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 296 *et seq.* Whethers alleged discrimination on the basis of her race (African-American), as well as retaliation. The district court granted summary judgment to the defendants, holding that Whethers had not stated a prima facie case of discrimination or retaliation, and had not demonstrated a violation of her constitutional rights. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review orders granting summary judgment *de novo* and focus on whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of law. *See Miller v. Wolpoff & Abramson, LLP*, 321 F.3d 292, 300 (2d Cir. 2003). We are required to resolve all ambiguities and draw all inferences in favor of the nonmovant; the inferences to be drawn from the underlying facts revealed in materials such as affidavits, exhibits, interrogatory answers, and depositions must be viewed in

the light most favorable to the nonmoving party.  *See Nationwide Life Ins. Co. v. Bankers Leasing Assoc.*, 182 F.3d 157, 160 (2d Cir. 1999).  Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Upon such review, we conclude that the district court properly granted summary judgment to the defendants for the reasons stated in its thorough and well-reasoned memorandum and order.

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3